CHARLES W. CHRISTY, an infant, by his next friend, Elizabeth T. Christy, *v.* LOUIS MILLER, trading as Louis Miller & Co.

(*November* 2, 1938.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Hugh M. Morris* and *Ivan Culbertson* for plaintiff.

*William H. Bennethum* (of Marvel, Morford, Ward and Logan) for defendant.

Superior Court for New Castle County, No. 126, May Term, 1933.

LAYTON, C. J., delivering the opinion of the Court:

A declaration in this case has been heretofore brought to the attention of the Court when the plaintiff was represented by other counsel who also filed the present amended declaration.

The count is ambiguous and uncertain. At one place it is alleged that the defendant "did permit, employ and assign the plaintiff, a minor under sixteen years of age, to work on said elevator and in and about it and operate the same." At another place, it is averred that the plaintiff, "a minor under sixteen years of age, was in the employ of the defendant in divers and sundry services, but chiefly as operator of said elevator and while so employed", was injured.

The breach of duty assigned, however, is that the defendant employed the plaintiff, a minor under sixteen years of age, without an employment certificate.

*Section 3602, Revised Code, 1935,* contains an absolute prohibition against the employment of minors under sixteen years of age in certain activities which by the statute

are "considered dangerous". Among the employments prohibited is the operating or assisting in operating passenger elevators or lifts.

If the plaintiff's theory is that the work in which he was allowed to engage was absolutely prohibited to one of his years, manifestly, the breach of duty assigned, was improper.

If, as may possibly be argued from the particular phraseology of the count, the theory is that the work at the time of the injury was included within the phrase "divers and sundry services", and was not that of operating the elevator, and that the plaintiff comes within the protection of *Section* 3603, which allows the employment of minors under sixteen years of age in certain work if an employment certificate is obtained, then the allegations with respect to the work in which the plaintiff is alleged to have been engaged, are entirely superfluous and misleading, and tend to an uncertainty and confusion of issues at the trial.

Whatever may be the theory of the cause of action, it is not stated with that precision and certainty demanded by the rules of pleading.

The demurrer to the count is sustained.